**In re MONTGOMERY WARD, LLC, et al., Debtors.**

**Staples, Inc., Appellant,**

v.

**Montgomery Ward, LLC, et al., Appellees.**

No. 00–4667–RTL, CIV.A.03–541–JJF.

United States District Court, D. Delaware.

March 24, 2004.

Mark Minuti, Saul Ewing LLP, Wilmington, DE, Of Counsel: Patrick P. Dinardo, Pamela Smith Holleman, Sullivan & Worcester LLP, Boston, MA, for Staples, Inc.

William P. Bowden, Joseph C. Handlon, Ashby & Geddes, Wilmington, DE, Of Counsel: Dennis M. Ryan, James D.H. Loushin, Faegre & Benson LLP, Minneapolis, MN, for Target Corporation.

Neal J. Levitsky, Fox, Rothschild, O'Brien & Frankel, LLP, Wilmington, DE, Of Counsel: Gerald H. Glines, Alexander Perez, Cole, Schotz, Meisel, Forman & Leonard, P.A., Hackensack, NJ, for Office Depot, Inc.

## OPINION

FARNAN, District Judge.

Pending before the Court is an appeal by Staples, Inc. ("Staples") from the April 3, 2003 Order (the "Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") denying the Motion By Staples, Inc. (i) To Reopen The Designee Notice And Objection Period Provided Pursuant To The Order Under 11 U.S.C. §§ 105, 363, 365 And 1146 And Fed. R. Bankr.P.2002, 6004 And 6006 Authorizing The Debtors To Enter

Into Sale Agreement And Approving A Process For The Subsequent Sale Or Assumption And Assignment Of Real Property Interests To Designees; (ii) To Consider Staples' Opposition To Proposed Sub-Sublease, And (iii) For Related Relief (the "Motion"). For the reasons discussed, the Court will affirm the April 3, 2003 Order of the Bankruptcy Court.

## I. THE PARTIES' CONTENTIONS

This appeal arises from certain transactions conducted pursuant to an Order entered by the Bankruptcy Court on March 1, 2001 ("the Designation Rights Order") which authorized the Debtors, Montgomery Ward, LLC and its affiliates, to enter into a sale agreement pursuant to which the Debtors sold all or substantially all of their interests in their real property to KRC Acquisition Corp. (together with Kimco Realty Corporation, "KIMCO"). Properties covered by this Order included properties located in a shopping center in Portland, Oregon currently owned by Jantzen Dynamic Corporation ("Jantzen"). The property in question was leased by Jantzen's predecessor in interest to the predecessor of Port Arthur, LLC ("Port Arthur") pursuant to a ground lease. The predecessor of Port Arthur then subleased the premises to the Debtors. The subleased properties included a building located in the parking lot of the shopping center that formerly housed the Debtors' tire, battery and auto shop (the "TBA Outparcel").

Pursuant to the Designation Rights Order, the Debtors transferred their sublease to Kimco, and Kimco had the right to designate the end user of the leasehold covered by the sublease and the obligation to provide "designee notice" of a proposed sale or lease assignment to nondebtor lessors and other interested parties. Kimco issued a designee notice identifying Target

Corporation ("Target") as the end user, but Target later subleased the TBA Outparcel back to Port Arthur. Port Arthur then entered into an agreement to sub-sublease the TBA Outparcel to Office Depot, Inc. ("Office Depot").

By its appeal, Staples contends that it did not receive notice of either the designation of Target or any proposed use of the TBA Outparcel. Had it received notice, Staples contends that it would have objected to the proposed sub-sublease of the TBA Outparcel to Office Depot, because the proposed sub-sublease to Office Depot conflicts with the Staples' lease, which provides Staples with the exclusive right to operate as an office supply store in the shopping center, and violates the provisions of Section 365(b)(3)(C) and (D) of the Bankruptcy Code.

In response, both Target and Office Depot contend that the Bankruptcy Court lacked jurisdiction over Staples' Motion, because only the interests of nondebtors are implicated by the Motion. In addition, both Target and Office Depot contend that Staples' request for relief is procedurally defective and time-barred. Target and Office Depot further contend that Staples lacks standing and was not entitled to notice of the proposed assignment and use under the Designation Rights Order. In the alternative, Target and Office Depot contend that the sub-sublease does not violate Staples' exclusive and does not violate the "tenant mix" provision of 11 U.S.C. § 365(b)(3)(D).

## II. STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclu-

sions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir.1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir.1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101–02 (3d Cir.1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a *de novo* basis in the first instance. *In re Telegroup*, 281 F.3d 133, 136 (3d Cir.2002).

## III. DISCUSSION

As a threshold matter, the Court must first consider whether, as Office Depot and Target contend, the Bankruptcy Court lacked jurisdiction to consider the issues raised by Staples in its Motion. The Bankruptcy Court's jurisdiction is set forth in 28 U.S.C. § 1334. In pertinent part, Section 1334 provides, "[T]he district courts shall have original but not exclusive jurisdiction of all proceedings arising under title 11, or arising in or related to cases under title 11." Interpreting this section, the Third Circuit stated:

The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.... An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the han-

dling and administration of the bankruptcy estate.

*Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984).

Although the Bankruptcy Court assumed it had jurisdiction for purposes of its decision, the Bankruptcy Court questioned its jurisdiction under *Pacor* stating:

[I]f one thinks about the relief that Staples is asking for it's hard to envision how that would impact on the bankruptcy estate because the relief that Staples wants is to have this Court retain jurisdiction over the proposed use of the TBA site. They don't want the assignment from Montgomery Ward to Target undone. They don't want the debtor to have to give Target back any money. They're not looking for anybody to give them money. It's not clear to me as to how the relief, any relief that I would order would impact the debtor's estate . . .

It seems to me the only party that would be impacted would be Port Arthur and possibly Target and possibly Office Depot. And, I think that looking narrowly at the relief sought by Staples, it's probably something that I don't have jurisdiction over . . . .

(D.I. 11 at B–270–271).

■ In the Court's view, the Bankruptcy Court's assessments were correct in that the Bankruptcy Court lacked jurisdiction to preclude Office Depot from sub-subleasing the premises from Port Arthur. The fact that the Debtors once occupied the TBA Outparcel is insufficient to confer jurisdiction on the Bankruptcy Court over this matter. *See In re Hall's Motor Transit Co.*, 889 F.2d 520, 522 (3d Cir.1989); *Matter of Xonics*, 813 F.2d 127, 130 (7th Cir.1987). The sub-sublease from Port Arthur to Office Depot is a subsequent transaction that is not related to the Debtors'

bankruptcy proceeding, and therefore, the Bankruptcy Court lacked jurisdiction to consider Staples' challenges to that transaction.

■ However, to the extent that Staples' appeal relates to the interpretation of the Designation Rights Order, the Court concludes that the Bankruptcy Court did have jurisdiction to consider whether Staples was required to have notice under the terms of that Order. *See e.g. Matilla v. Radco Merch. Servs., Inc. (In re Radco Merch. Servs., Inc.)*, 111 B.R. 684, 688–689 (N.D.Ill.1990) (recognizing that court has jurisdiction post-sale to interpret its sale order); *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 266 (3d Cir.1991). The Designation Rights Order limited notice of the identity of the assignee and the proposed use of the lease to all "Affected Parties." The term "Affected Parties" is defined in the Designation Rights Order as the "landlord ... and, if applicable, any other party with an interest in the Lease ...." (D.I. 11 at B–61). Staples does not fit into either of these definitions, and therefore, Staples was not entitled to notice under the Designation Rights Order.

Staples contends that it had an interest in the Debtors' lease such that it was entitled to receive notice, because it had an exclusive provision in its lease. However, Staples' lease was executed well after the Debtors' lease with the predecessor of Port Arthur, and Staples' lease contained an express "carve-out" for the Debtors' lease. The Staples lease provides that the exclusive provision does not prohibit "any tenant under a lease existing on the date of [the Staples] Lease from using space occupied by it for its present permitted use or other permitted use if and to the extent Landlord does not have the right to prevent such change of use ..." (D.I. 11 at B–20). Staples acknowledges that the Debtors had the right to use its premises for

any lawful use (D.I. 6 at 8), and therefore, the Court concludes that Staples did not have a legal interest in the proposed use of the TBA Outparcel, such that it would have been entitled to receive notice of the proposed use and assignment.

Further, while the Bankruptcy Court avoided this issue by assuming that Staples was entitled to notice, the Bankruptcy Court commented on the notice issue, stating:

I'm not going to hold that Staples' position is correct [with respect to notice] because I see a tremendous danger in agreeing with Staples at this point in time. If I hold that Staples was entitled to notice, I think one could imply that all other co-tenants in all other centers where Montgomery Ward was a tenant and assigned its lease to someone else should have been noticed. That could potentially place in jeopardy hundreds of assignments that have already been completed, that have resulted in hundreds of millions of dollars flowing into this estate. So I don't want to open that Pandora's box.

(D.I. 11 at B–261). The Court agrees with the Bankruptcy Court's observations in this regard. Accordingly, the Court concludes that Staples, as a co-tenant without a legal interest in the premises, was not entitled to notice under the Designation Rights Order.

■ In the alternative, assuming the Bankruptcy Court had jurisdiction over this matter and that Staples has standing and is not otherwise barred from seeking relief, the Court would conclude that the Bankruptcy Court properly denied Staples' Motion. The Bankruptcy Court thoroughly addressed the scenario that would have ensued if Staples had received notice of the proposed assignment and use. The Bankruptcy Court acknowledged the carve-out in Staples' exclusivity and con-

cluded that the proposed assignment to Target would not have caused a breach of Staples' lease. (D.I. 11 at B–263). Further, the Bankruptcy Court recognized that even the landlord of the premises would not have been able to preclude the Office Depot use, because of the carve-out. As for the tenant mix, the Bankruptcy Court recognized that consideration of whether an assignment disrupts the balance of the tenant mix necessarily requires the court to determine the balance of the rights between the parties. *See e.g. In the Matter of Federated Dept. Stores, Inc.*, 135 B.R. 941, 946 (Bankr.S.D.Ohio 1991). Examining the equities, the Bankruptcy Court concluded that it would have overruled any objection lodged by Staples to the proposed assignment and use. The Court agrees with and adopts the conclusions and analysis of the Bankruptcy Court in this regard. Accordingly, the Court will affirm the April 3, 2003 Order of the Bankruptcy Court denying Staples' Motion.

## CONCLUSION

For the reasons discussed, including the reasons set forth by the Bankruptcy Court in its decision at the April 3, 2003 hearing, the Court will affirm the April 3, 2003 Order of the Bankruptcy Court.

An appropriate Order will be entered.

### *FINAL ORDER*

At Wilmington, this 24th day of March 2004, for the reasons set forth in the Opinion issued this date;

IT IS HEREBY ORDERED that the April 3, 2003 Order of the Bankruptcy Court is AFFIRMED.